**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RODERICK E. BRANTLEY, 08004749,** | § | |
| **Plaintiff,** | § | **No. 3:08-CV-01511-M (BF)** |
| | § | **ECF** |
| v. | § | |
| | § | |
| **DOCTOR CATHY S. PAVELKA,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for pretrial management. Before the Court for consideration is Defendant's Motion for Summary Judgment ("Motion") [doc #29], filed April 10, 2009.  The time to respond has expired and Plaintiff failed to respond.  After due consideration, the Court recommends that the Motion be granted.

**I. BACKGROUND**

Roderick Brantley ("Plaintiff") is an inmate at the Dallas County Jail.  Dr. Cathy Pavelka ("Defendant") is a Dallas County Hospital District (DCHD) staff physician assigned to the jail's HIV clinic.  On August 27, 2008, Plaintiff filed a civil rights action against Defendant pursuant to 42 U.S.C. § 1983.  Plaintiff alleged that Defendant acted with deliberate indifference and lack of feeling in stopping his HIV medications.  Plaintiff further alleged that Defendant's stoppage of his HIV medications was a danger to him, injurious to his body's immune system, and caused the virus to mutate.  Plaintiff is proceeding *in forma pauperis* and *pro se*.

Defendant filed an answer on November 24, 2008.  In her answer she asserted that: (1) any 42 U.S.C. § 1983 cause of action by Plaintiff is barred by qualified immunity; (2) she did not violate Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment; (3) there is no evidence that her conduct was "objectively unreasonable"; (4) there is no evidence she acted with

deliberate indifference; (5) there is no evidence that an act or omission by her caused or contributed to injury of the Plaintiff; and (6) there is no evidence of negligence. Defendant also asserted that stopping Plaintiff's HIV medication was reasonable and necessary because Plaintiff was non-adherent in taking his medication as directed. Defendant stated that allowing Plaintiff to take his medication non-adherently would have been non-therapeutic and would have had the potential to result in his virus developing resistance to his medication.

On April 10, 2009, Defendant filed the motion seeking summary judgment on the grounds that there is no issue of material fact on which Plaintiff may recover against Defendant.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.,* 919 F.2d 301, 303 (5th Cir. 1990).

If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little,* 37 F.3d at 1075. Once the movant meets her burden, the non-movant must show that summary judgment is not appropriate. *Little,* 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)). "[A properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories,

2

and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324.  *See* FED. R. CIV. P. 56(e).  "This burden is not satisfied with 'some

metaphysical doubt as to material facts' *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S.

574, 586 (1986), . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a

'scintilla' of evidence." *Little,* 37 F.3d at 1075.  To establish that a genuine issue exists for trial and

to withstand a summary judgment motion, the evidence must be sufficient such that a reasonable

jury could return a verdict for the non-movant.  *Munoz v. Orr,* 200 F.3d 291, 302 (5th Cir. 2000)

(citing *Anderson,* 477 U.S. at 248).

Plaintiff's lack of response to Defendant's Motion means that Plaintiff has not designated

specific facts showing that there is a genuine issue for trial.  Plaintiff is relegated to his unsworn

pleadings, which are not summary judgment evidence.  *Bookman v. Shubzda,* 945 F. Supp. 999,

1002 (N.D. Tex. 1996).  Although Plaintiff's failure to respond does not permit the Court to enter

a "default" summary judgment, the Court is allowed to accept the evidence that Defendant presented

as undisputed.  *Eversley v. Mbank Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *see also Ragas v.*

*Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998) (holding that a party opposing summary

judgment is required to identify specific evidence in the record and articulate the precise manner in

which that evidence supports his claim).  Accordingly, this Court accepts Defendant's evidentiary

assertions as undisputed.  *See Ragas,* 136 F.3d at 458 (noting that the court does not have the duty

to sift through the record in search of evidence to support a party's opposition to summary

judgment); *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992) (same).

### III. ANALYSIS

Defendant's Motion is based on three grounds: (1) Plaintiff's 42 U.S.C. § 1983 claim is barred by qualified immunity; (2) Defendant did not act with deliberate indifference; and (3) there is no evidence of negligence.  Def.'s Motion at 1-2.

### A. Qualified Immunity

The Court first examines Defendant's assertion of qualified immunity as one of her grounds for summary judgment.  "[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Therefore, Defendant's "conduct is protected by qualified immunity if, in light of legal rules that were clearly established at the time of the action, it was objectively reasonable."  *Hale v. Townley*, 45 F.3d 914, 917 (5th Cir. 1995).  "[T]he question of the objective reasonableness of the defendant's conduct" is "whether at the time and under the circumstances, all reasonable officials would have realized the particular challenged conduct violated the constitutional provision sued on."  *Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir. 1997).

It is undisputed that at the time Defendant was treating Plaintiff, Defendant was an employee of DCHD.  Def.'s Br. at 2.  Therefore, if Defendant's treatment of Plaintiff was "objectively reasonable," Plaintiff's claim is barred by qualified immunity.  In considering Defendant's affidavit and attachments (Appendix, pp. 0598-0654), it is evident that Defendant's actions were warranted.  Defendant's medical opinion and cancellation of Plaintiff's HIV medication was supported by

4

authoritative published medical research and literature. Thus, it is highly likely that another doctor, under the same circumstances, would have taken the same course of action as Defendant. Therefore, in light of Defendant's undisputed evidence, Defendant's actions were objectively reasonable, and she is entitled to qualified immunity.

### B. Deliberate Indifference

This Court now addresses whether Defendant has pointed to the lack of evidence that she acted with deliberate indifference, in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. "A claim for relief under 42 U.S.C. § 1983 must allege the deprivation of a right secured by the Constitution or laws of the United States by a defendant acting under color of law." *Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002). As an employee of the Dallas County Hospital District, a unit of local government, Defendant was acting under the color of law. To state a claim for deprivation of medical care, Plaintiff must show that Defendant's actions or omissions were deliberately indifferent to Plaintiff's medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998). Deliberate indifference occurs when the state actor is aware of and disregards a serious medical condition of the plaintiff. *Farmer*, 511 U.S. at 837. In addition, the state actor must be aware of facts "from which the inference could be drawn that a substantial risk of harm exists," and the state actor must also draw such an inference. *Id*.

Since the Court is accepting the summary judgment evidence that Defendant presented as undisputed, such evidence supports Defendant's claim that she did not act with deliberate indifference. Based on Plaintiff's medical records (Appendix 0003-0597) and Defendant's Affidavit (Appendix 0598-0620), Defendant worked diligently on Plaintiff's behalf to have his medication

5

dispensed in a manner that would allow him to take his medication regularly.  But due to Plaintiff's non-adherence by his either refusing to take his medication altogether or by his taking it only sporadically, Defendant rightly discontinued Plaintiff's HIV drug dispensation.  Defendant's actions were supported by the prevailing authoritative medical opinion; that continuing Plaintiff's medication in the face of his non-adherence would have jeopardized Plaintiff's health.  Defendant's actions decreased the risk of harm to Plaintiff.  Therefore, contrary to Plaintiff's assertions, Defendant was not deliberately indifferent to Plaintiff's medical needs. Since Plaintiff failed to establish a genuine issue of material fact as to essential elements of his claim of deliberate indifference, Defendant's Motion should be granted. *See Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 872 (5th Cir. 1991).

### C. Negligence

Plaintiff's negligence claim must fail because Defendant's summary judgment proof has established, as a matter of law, that Defendant acted within appropriate standards of medical care and there was no causal link between Defendant's actions and Plaintiff's alleged injury.

### IV. RECOMMENDATION

Because Plaintiff has failed to demonstrate there is a genuine issue of material fact precluding summary judgment, this Court respectfully recommends that the District Court grant Defendant's motion for summary judgment and dismiss Plaintiff's claims against Defendant with prejudice.

SO RECOMMENDED, July 28, 2009.

_____

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).